UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WESTWOOD PLAZA, LLC,

    Plaintiff,

Case No.:   4:22-cv-00204

v.

CITI TRENDS, INC.,

    Defendant.
_____/

# COMPLAINT

Plaintiff, WESTWOOD PLAZA, LLC, brings this action against Defendant, CITI TRENDS, INC., and alleges:

## PARTIES

1. Plaintiff WESTWOOD PLAZA, LLC is a limited liability company under the laws of the State of Florida, with a principal place of business at 2020 West Pensacola Street, Suite 285, Tallahassee, Florida, 32304. No member is a citizen of a state other than Florida.

2. Defendant CITI TRENDS, INC. ("Citi Trends") is a Delaware Corporation, with its principal place of business at 104 Coleman Blvd., Savanah Georgia 31408.  Citi Trends is registered to do business in Florida, it operates 55 stores in the state at various locations statewide.

1

## JURISDICTION AND VENUE

3. This is an action pursuant to Section 86.011 et seq., *Florida Statutes,* to declare rights, status or relation between the parties with respect to their Lease Agreement of October 7, 1999 (renewed and extended on August 3, 2004) and subsequently amended on May 7, 2009 (renewed and extended on February 11, 2019) for additional and supplemental relief and other relief under Florida law.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to the Legal Venue clause in the parties' lease agreement at ¶ 28.10 states, "Applicable Law.  The validity, performance and enforcement of this Lease shall be governed by the laws of party." Plaintiff contends that "party" means Florida for the purposes of this lease.  To the extent that the term is deemed to be ambiguous, Florida law still governs the agreement as the lease was performed in Florida and the premises are located in Florida.

6. An actual case or controversy exists between the parties.  Plaintiff believes it is entitled to significant repairs to the leased property (in excess of $100,000.00) pursuant to their Lease Agreement with Defendant which Defendant denies; Defendant refuses to pay rent pursuant to the terms of the Lease Agreement

2

and that Defendant has breached its obligations and responsibilities to Plaintiffs in respect to the Agreement and has not performed in good faith and consistent with their relation, which Defendant also denies.

## FACTUAL ALLEGATIONS

7. On October 7, 1999, the parties entered a "Retail Lease," Agreement a copy of which is attached as Exhibit 1.

8. On August 3, 2004, the Retail Lease was renewed and extended by pursuant to the agreement, a copy of the renewal is attached Exhibit 2.

9. On April 5, 2005, the parties agreed to the Second Addendum to Lease Agreement, see attached Exhibit 3.

10. On May 7, 2009, the parties agreed to Lease Amendment No. 1 and the Retail Lease amended accordingly, see attached Exhibit 4.

11. On September 8, 2009, the parties agreed to additional terms, see attached Exhibit 5.

12. On February 11, 2014, the parties entered into a five year lease renewal, see attached Exhibit 6.

13. On January 1, 2015, Lease Amendment No. 2 was executed, see attached Exhibit 7.

14. On February 11, 2019, the Retail Lease was renewed and extended, see attached Exhibit 8.

/86597/3#47497810 v1

**Damages Caused by Defendant Boarding Up Storefront**

15. In April and/or May 2020 windows and front door at the leased premises were boarded up without Landlord's approval.

16. Wooden boards were directly nailed into the storefront (on both sides) causing significant damage to the storefront of the leased premises.

17. The storefront was not designed to have objects nailed into it.

18. Nailing wooden boards directly into the storefront was done without permission.

19. Section 17.2 of the retail Lease states: "Tenant shall not make any structural or mechanical alterations in any portion of the Demised Premises, *nor make any alterations in* the storefront or *the exterior of the Demised Premises*" (emphasis added).

20. Nailing wooden boards into the storefront caused significant damage. See attached Exhibit 9, photos of damage to the storefront.

21. On June 9, 2020, counsel for the Plaintiff mailed a letter to Defendant, explaining, "Since these exterior alterations were done without express consent of the Landlord, Tenant shall be responsible for their complete removal and for all damage caused. Landlord shall inspect for damage and bill Tenant accordingly for all repairs." See attached Exhibit 10.

22. Paragraph 18.2 of the Retail Lease provides: "If Tenant refuses or neglects to make repairs and/or maintain the Demised Premises or any part thereof in a manner reasonably satisfactory to Landlord, Landlord shall have the right, but not the obligation upon giving Tennant reasonable notice of its election to do so, to make such repairs or to perform such maintenance on behalf of and for the account of Tenant.

23. Paragraph 28.5 of the Retail Lease provides: "In the event any action is commenced for breach of any covenant, condition or agreement herein contained, the prevailing party in such action shall be entitled to receive all costs incurred in such action, including without limitation, reasonable attorneys' fees."

24. Defendant has been put on notice that the storefront must be properly repaired. In response, Defendant has installed plastic windows into the storefront (to replace broken glass) which is unacceptable to Plaintiff.

25. Plaintiff has a good faith basis to conclude that the repair cost of the storefront is approximately one hundred thousand dollars ($100,000.00).

26. Defendant is utilizing square footage in the Westwood Plaza center that is not contemplated by the parties lease and is not paid for by Defendant:

 

27. On information and belief, Defendant's building plans with the City of Tallahassee, indicate that the areas depicted in the photographs in paragraph 22 are not leased by Citi Trends, which comports with the express understanding of the parties in the lease agreement.

## COUNT I
(Declaratory Judgement Action based on Retail Lease between the Parties).

28. Plaintiff restates and realleges paragraph(s) 1 through 23 above.

29. Dispute exists between the parties as to whether Defendant is responsible for damages to the storefront at the leased premises that were boarded up without Landlord's approval.

30. Section 17.2 of the Retail Lease states: "Tenant shall not make any structural or mechanical alterations in any portion of the Demised Premises, *nor make*

*any alterations in* the storefront or *the exterior of the Demised Premises"* (emphasis added).

31. Plaintiff contends that boarding up the storefront was a structural alteration that is encompassed by Section 17.2 of the Retail Lease.

32. Even though communications have occurred between the parties, Defendant has not adequately fixed the issue.

33. Defendant (tenant) has refused or neglected to make repairs and/or maintain the Premises in a manner reasonably satisfactory to Plaintiff (landlord).

34. While Defendant has been put on notice that the storefront must be properly repaired, plastic windows have been installed, and putty has been used to cover up punctures and marks into the framing of the storefront.

35. Accordingly, Plaintiff seeks a declaration, pursuant to Paragraph 18.2 of the Retail Lease provides that Plaintiff may make such repairs or to perform such maintenance on behalf of and for the account of Defendant.

36. Plaintiff seeks a declaration that the failure to repair the storefront constitutes a breach of covenant, condition or agreement and that Plaintiff is entitled to all costs incurred in such action, including without limitation, reasonable attorneys' fees pursuant to paragraph 28.5 of the Retail Lease.

WHEREFORE, Plaintiff requests that the Court determine whether the Agreement between the parties requires the storefront to be repaired, to award all

amounts owed to Plaintiffs by Citi Trends in respect thereto, together with interest allowed by law, and reasonable costs and attorneys' fees; and to grant such other relief as may be just and proper.

## COUNT II
(Breach of Contract Action based on Retail Lease between the Parties).

37. Plaintiff restates and realleges paragraph(s) 1 through 23 above.

38. Defendant is responsible for damages to the storefront at the leased premises that were boarded up without Landlord's approval.

39. Section 17.2 of the Retail Lease states: "Tenant shall not make any structural or mechanical alterations in any portion of the Demised Premises, *nor make any alterations in* the storefront or *the exterior of the Demised Premises*" (emphasis added).

40. Boarding up the storefront was a structural alteration that is encompassed by Section 17.2 of the Retail Lease.

41. Boarding up the storefront caused significant structural damage to the storefront itself.

42. Installing plastic acrylic Plexiglas panels to replace windows destroyed by Citi Trends is similarly unacceptable to the landlord.

43. Even though communications have occurred between the parties, Defendant has not adequately fixed these issues.

44. Defendant (tenant) has refused or neglected to make repairs and/or maintain the Premises in a manner reasonably satisfactory to Plaintiff (landlord).

45. While Defendant has been put on notice that the storefront must be properly repaired, plastic windows have been installed, and putty has been used to cover up punctures and marks into the framing of the storefront.

46. Accordingly, Defendant has breached its contract with Plaintiff and Plaintiff has been damaged.

WHEREFORE, Plaintiff requests that the Court determine whether the Agreement between the parties has been breached by Defendant Citi Trends and seeks damages, reasonable costs and attorneys' fees, together with interest allowed by law, and to grant such other relief as may be just and proper.

## COUNT III
(Breach of Contract Action based on Retail Lease between the Parties).

47. Plaintiff restates and realleges paragraph(s) 1 through 23 above.

48. The Retail Lease agreement provides that Defendant leased approximately 10,373 square feet from Plaintiff, located in unit 1(a) of Westwood Shopping Center, Tallahassee, Florida.

49. The May 1, 2009 Lease Amendment premised rent payment on the basis of cost per square foot.

50. Nevertheless, Defendant is utilizing square footage that is clearly not contemplated by the parties agreement for storage and use as a break room, when such square footage is not being paid for under the lease.

51. Plaintiff would accept payment for the use of this area, but Citi Trends refuses to make any additional payment.

52. Defendant has benefited from this under count of square footage for many years, but should not continue to benefit from the same now that this issue has been exposed.

53. The Covenant of Good Faith and Fair Dealing requires that rent be paid on a square foot basis or that Defendant vacate space that is not paid for.

WHEREFORE, Plaintiff requests that the Court determine whether the Agreement between the parties has been breached by Defendant Citi Trends and seeks damages, reasonable costs and attorneys' fees, together with interest allowed by law, and to grant such other relief as may be just and proper.

Respectfully submitted this 26th day of May, 2022.

/s/ Leonard M. Collins
LEONARD M. COLLINS (FBN 423210)
GrayRobinson P.A.
301 S. Bronough Street, Suite 600
Tallahassee, Florida 32302
Telephone: (850) 577-9090
Leonard.Collins@gray-robinson.com

**Attorney for Plaintiff, Westwood Plaza, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 26th day of May, 2022, by CM/ECF electronic filing to the Clerk of Court and to all counsel of record.

/s/ *Leonard M. Collins*
Leonard M. Collins (FBN 423210)
GrayRobinson, P.A.